**Anthony BROCUGLIO, Sr.,**
**Plaintiff–Appellee,**

v.

**William PROULX and James O'Connor, Defendants– Appellants.**

**Docket No. 02–7301.**

United States Court of Appeals, Second Circuit.

June 13, 2003.

---

Scott M. Karsten, Sack Spector & Karsten, LLP, West Hartford, CT, for Appellants.

Jeffrey J. Tinley, Tinley, Nastri, Renehan & Dost, LLP, Waterbury, CT (Jon L. Schoenhorn, Schoenhorn & Associates, Hartford, CT, on the brief), for Appellee.

PRESENT: STRAUB, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13th day of June, Two thousand and three.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be and it hereby is **DISMISSED.**

Defendants William Proulx and James O'Connor appeal from a decision of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*), granting plaintiff Anthony Brocuglio, Sr.'s motion for partial summary judgment.

Defendants, police officers in the Town of East Hartford, Connecticut, were sent to plaintiff's house in September 1996 to place tickets on apparently abandoned cars located on plaintiff's property, pursuant to a Town ordinance that authorizes the removal of such vehicles after thirty days' notice. Defendants ticketed several vehicles located in the front portion of plaintiff's property, then proceeded through a fence into plaintiff's backyard, where they ticketed several more vehicles.

Brocuglio brought a variety of claims against Proulx and O'Connor, as well as several other defendants, including a 42 U.S.C. § 1983 claim alleging that Proulx and O'Connor had violated his Fourth Amendment rights by entering his proper-

ty, searching his backyard, and ticketing his vehicles without a warrant. Following discovery, Brocuglio moved for partial summary judgment on his Fourth Amendment claim against Proulx and O'Connor. Proulx and O'Connor opposed the motion, arguing that material questions of fact precluded summary judgment and required a trial; they did not cross-move for summary judgment. The District Court granted partial summary judgment to Brocuglio, and Proulx and O'Connor appealed. Brocuglio moved to dismiss the appeal for lack of appellate jurisdiction, and a prior panel of this Court denied the motion.

Brocuglio urges us to reconsider the decision of the motions panel and to dismiss the appeal for lack of jurisdiction. Although we typically do not do so "absent cogent or compelling reasons," *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir.1999) (internal quotation marks omitted), "we may revisit the motions panel's decision on jurisdiction," *id.* In light of the facts that the motions panel's decision was "based on an abbreviated record and made without the benefit of full briefing by the parties," *id.*, and because "reexamination of a question regarding our jurisdiction is especially important whenever there is reason to believe that it may be lacking," *id.*, we exercise our discretion to reconsider our jurisdiction.

A district court's denial of a claim of qualified immunity is immediately appealable only "to the extent that it turns on an issue of law," *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and a defendant "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial," *Johnson v. Jones*, 515 U.S. 304, 319–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). "Although we lack jurisdiction to resolve material

issues of fact on an interlocutory appeal, we have jurisdiction over interlocutory appeals of a district court's denial of qualified immunity whenever the defendant is willing to accept plaintiff's version of the facts for purposes of the appeal," and where the defendant "contends that he is entitled to qualified immunity even under plaintiff's version of the facts." *Savino v. City of N.Y.*, 331 F.3d 63, 72 (2d Cir.2003) (citations and quotation marks omitted).

The District Court's decision granting partial summary judgment to Brocuglio is not an appealable collateral order, despite the fact that the District Court's decision involved a rejection of defendants' qualified immunity defense. Defendants' appellate brief makes clear that their principal contention is that genuine issues of fact preclude summary judgment, and that they are not willing to accept plaintiff's version of the facts for purposes of the appeal. Defendants repeatedly argue that various factual questions remain unanswered, that the District Court improperly rejected their version of the facts and drew inferences in Brocuglio's favor, and that there was insufficient evidence to support the plaintiff's version of the facts. Far from presenting questions of law or seeking to vindicate their right to be free from standing trial, *see, e.g., Mitchell*, 472 U.S. at 525–27, defendants argue that the determination of their entitlement to qualified immunity "must at least be preserved in the case until trial, to the extent it depends on facts and evidence yet to be determined and presented." (Br. of Defs.-Appellants at 34.)

To the limited extent that defendants raise pure issues of law, their contentions are without merit. At the time of the events giving rise to this action, it was clearly established that the Fourth Amendment warrant requirement applies to administrative searches such as this, *see*

*Michigan v. Tyler,* 436 U.S. 499, 505, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978), and that a fenced-in backyard is "curtilage" entitled to Fourth Amendment protection. *See Oliver v. United States,* 466 U.S. 170, 180, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984); *United States v. Dunn,* 480 U.S. 294, 300, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987).

Accordingly, appellate jurisdiction is lacking and the appeal is hereby dismissed.