Anthony **BROCUGLIO** Sr., Plaintiff–
Appellant/Cross–Appellee,

v.

William **PROULX** and James O'Connor, Defendants–Appellees/Cross–
Appellants,

John Eagan, Timothy Larson, Robert DeCrescenzo, James W. Shay, and Town of East Hartford, Defendants–Appellees.*

Nos. 07–1676–pr (L), 07–2097–pr (XAP).

United States Court of Appeals,
Second Circuit.

April 21, 2009.

---

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Jeffrey J. Tinley (Robert Nastri, Jr., on the brief), Tinley, Nastri, Renehan & Dost, LLP, Waterbury, CT, for Plaintiff–Appellant.

Scott M. Karsten, Karsten, Dorman & Tallberg, LLC, West Hartford, CT, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges, and ROBERT W. SWEET, District Judge.\*\*

### SUMMARY ORDER

Plaintiff-appellant/cross-appellee Anthony Brocuglio, Sr. appeals, and defendants-appellees/ cross-appellants William Proulx and James O'Connor cross appeal, from a judgment and final orders in this action brought under 42 U.S.C. § 1983 for unlawful arrest, unlawful search and seizure, excessive force, deprivation of substantive due process and for violations of state law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Brocuglio challenges the District Court's (1) jury instructions, (2) decision to enter judgment as matter of law for certain defendants, (3) evidentiary rulings, and (4) decision to deny plaintiff's motion for attorneys' fees. Proulx and O'Connor challenge the District Court's denial of their motion for judgment in their favor on qualified immunity grounds. None of these challenges have merit.

■ First, Brocuglio argues that the District Court erred by instructing the jury that "If [defendants] had probable cause to arrest Brocuglio for interfering, threatening or breach of peace for his actions in the front yard, or if they had probable cause to arrest Brocuglio for assault for his actions in the backyard and the kitchen, then Brocuglio was not unlawfully arrested...." J.A. 656. Our review of jury instructions is *"de novo* to determine whether the jury was misled about the correct legal standard or was otherwise inadequately informed of controlling law. A new trial is required if, considering the instruction as a whole, the cited errors were not harmless, but in fact prejudiced the objecting party." *Crigger v. Fahnestock & Co.,* 443 F.3d 230, 235 (2d Cir.2006) (internal quotation marks and citation omitted). Brocuglio contends that it was erroneous for the District Court to instruct the jury that he could have been arrested lawfully for his actions in the front yard. Assuming for the sake of the argument that Brocuglio is correct, that error was harmless. As the District Court explained, "Brocuglio suffered no harm from the jury's verdict, and there is no miscarriage of justice ... because the weight of the evidence at trial supports a finding that the officers, in fact, arrested Brocuglio for assaulting them in the back yard,

\*\* The Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation.

not based upon Brocuglio's actions in the front yard." *Brocuglio v. Proulx,* 478 F.Supp.2d 309, 320 (D.Conn.2007). Upon our review of the record, we agree with the determination of the District Court, and we therefore reject Brocuglio's challenge to the jury instructions.

■ Second, Brocuglio challenges the District Court's decision to grant summary judgment to defendants-appellees Timothy Larson, Robert DeCrescenzo, James W. Shay, and the Town of East Hartford. Brocuglio argues that he presented sufficient evidence to impose liability on these defendants, or, at least, to have a jury consider whether liability had been shown. We disagree for the reasons identified by the District Court. With respect to former Mayor DeCrescenzo and former Assistant to the Mayor Larson, who were sued in their individual capacities, the District Court determined, and we agree, that there was no evidence that those defendants " 'directly participated in the alleged constitutional violations.' . . . [or] intentionally violated Brocuglio's constitutional rights." *Id.* at 324 (quoting *Gronowski v. Spencer,* 424 F.3d 285, 293 (2d Cir.2005)). As for Brocuglio's failure-to-train arguments for imposing municipal liability, we agree with the District Court that there was insufficient evidence to support a verdict for Brocuglio on this theory. *See id.* at 325. Likewise, "almost no evidence" supported Brocuglio's argument for imposing liability on DeCrescenzo and Larson as final policymakers under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As the District Court explained, "There was no evidence at trial that anyone told the officers to enter the back yard to tag [unregistered] vehicles without a warrant, or to disregard the Fourth Amendment in order to carry out the tagging activities." *Brocuglio,* 478 F.Supp.2d at 326. Accordingly, we see no

basis to disturb the District Court's grant of summary judgment to these defendants.

Third, Brocuglio challenges three evidentiary rulings of the District Court, which we review for abuse of discretion. *See, e.g., United States v. Thompson,* 528 F.3d 110, 120 (2d Cir.2008).

■ (1) Regarding the District Court's ruling that defendants could cross-examine Brocuglio's medical expert and mother regarding the civil commitment of Brocuglio in a mental health facility, we see no error whatsoever in the District Court's determination that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. *See* Fed. R.Evid. 403; *Brocuglio,* 478 F.Supp.2d at 329 ("[T]he probative value [of this evidence] was three-fold: (1) Brocuglio's prior commitment was probative of whether Brocuglio's claimed psychological damages were affected by pre-existing conditions; (2) whether Ruth Brocuglio knew that her son had been committed . . . was probative of her credibility regarding her testimony that, prior to September 27, 1996, Brocuglio had no mental issues, and (3) similarly, Ruth Brocuglio's knowledge of the civil commitment was probative of whether Brocuglio had any pre-existing mental conditions prior to September 27, 1996.").

(2) Nor do we perceive any basis for Brocuglio's argument that defendants were improperly permitted to cross-examine him regarding his past arrests. Brocuglio brings this allegation without making any reference to the trial transcript or any other part of the record; we therefore see no reason to disagree with the District Court's conclusion that "no questioning about prior arrests occurred in the presence of the jury." *Brocuglio,* 478 F.Supp.2d at 331.

■ (3) Turning to Brocuglio's argument that the District Court unfairly de-

nied him the opportunity to testify about his lack of animus toward the police, we see no error, let alone abuse of discretion, in the District Court's ruling. As the District Court explained, "The issue on cross-examination was not whether Brocuglio was biased against police, but rather whether there could have been ... an alternate cause of his damages. I permitted limited rehabilitation regarding Brocuglio's police officer friends, but exercised my discretion to limit irrelevant and misleading testimony in that regard." *Id.* at 332. We perceive no good reason to question the District Court's decision to exercise its discretion in this manner.

Fourth, Brocuglio urges that it was an abuse of discretion for the District Court to deny his motion for attorneys' fees. *See 605 Park Garage Assocs., LLC v. 605 Apt. Corp.,* 412 F.3d 304, 306 (2d Cir.2005) (district court's ruling on application for attorneys' fees reviewed for abuse of discretion). In a purely technical sense, Brocuglio is a prevailing party, having been awarded $20 in damages by the jury. J.A. 1. However, as the Supreme Court explained in *Farrar v. Hobby,* in certain circumstances, "even a plaintiff who formally 'prevails' under [42 U.S.C.] § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Applying this principle to Brocuglio's fee application, the District Court concluded that "attorneys' fees are not appropriate [here], because Brocuglio sought a significant amount of damages from a large number of defendants on a variety of legal claims and only recovered $10 from each of two defendants on a single cause of action." *Brocuglio v. Proulx,* No. 3:99cv1888, 2006 U.S. Dist. LEXIS 30458, at *8 (D.Conn. May 18, 2006); *see also id.*

("Brocuglio's principal complaint was a claim of excessive force—a claim he lost at trial."). The District Court's decision finds adequate support in the record and the case law and is therefore far from an abuse of discretion.

Finally, Proulx and O'Connor argue that the District Court erred by denying them judgment on qualified immunity grounds. On their prior interlocutory appeal to the Court, we rejected their assertion of qualified immunity, explaining "At the time of the events giving rise to this action, it was clearly established that the Fourth Amendment warrant requirement applies to administrative searches such as this and that a fenced-in backyard is 'curtilage' entitled to Fourth Amendment protection." *Brocuglio v. Proulx,* 67 Fed.Appx. 58, 60–61 (2d Cir.2003) (citations omitted). Proulx and O'Connor have identified no evidence in the record—nor are we aware or any—that causes us to question our earlier decision. Indeed, that Brocuglio's backyard was protected by "a six-foot solid stockade fence that was primarily opaque," *Brocuglio v. Proulx,* 478 F.Supp.2d 297, 304 (D.Conn.2007), only strengthens the basis of our prior ruling. Accordingly, we reject the challenge of Proulx and O'Connor to the District Court's ruling on their assertion of qualified immunity.

Having considered all of the issues raised in this appeal and cross-appeal, and finding all of them lacking in merit, we AFFIRM the judgment of the District Court.